UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Philip Lyle Martin,<br><br>Plaintiff,<br><br>v.<br><br>Joshua Larson, Jennifer Witt, Benjamin Rice, Ashley Peterson, L. Lind, Lori Pykkonen, and B. Bahneman,<br><br>Defendants. | Case No. 21-cv-412 (ECT/JFD)<br><br>REPORT AND RECOMMENDATION |

This matter is before the Court on four motions: (1) Defendants B. Bahneman, L. Lind, Ashley Peterson, and Benjamin Rice's ("Federal Defendants") Motion to Dismiss and for Summary Judgment (Dkt. No. 28); (2) Defendant Joshua Larson, M.D.'s Motion for Judgment on the Pleadings and for Dismissal Pursuant to Minn. Stat. § 145.682 (Dkt. No. 40); (3) Plaintiff Philip Lyle Martin's Motion to Dismiss Without Prejudice (Dkt. No. 54); and (4) Defendant Jennifer Witt, M.D.'s Motion for Judgment on the Pleadings and for Dismissal Pursuant to Minn. Stat. § 145.682 (Dkt. No. 61). For the reasons set forth below, the Court recommends that the Federal Defendants' motion be denied as moot, Dr. Larson's motion be granted, Plaintiff's motion be construed as a notice and stipulation for voluntary dismissal, and Dr. Witt's motion be granted. Furthermore, all claims against the Federal Defendants and Defendant Lori Pykkonen should be dismissed without prejudice, and all claims against Drs. Larson and Witt should be dismissed with prejudice.

**I.     Background**

Plaintiff Philip Lyle Martin is proceeding pro se. He is suing Defendants Joshua Larson, M.D.; Jennifer Witt, M.D.; Benjamin Rice; Ashley Peterson; L. Lind; Lori Pykkonen; and B. Bahneman pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl. at 1, 8; Dkt. No. 1.) Plaintiff contends that Defendants violated his Eighth Amendment rights, committed medical malpractice, and were negligent in their medical treatment of him. (*Id.* at 8.) Plaintiff seeks monetary damages and future medical expenses. (*Id.* at 9.) Plaintiff presently is confined at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP-Springfield"). During the events described in the Complaint, however, Plaintiff was an inmate at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). (*Id.* at 4.)

According to the allegations in the Complaint, Dr. Larson removed Plaintiff's gallbladder during an outpatient procedure on March 4, 2019, at St. Luke's Hospital in Duluth, Minnesota. (Compl. at 4.) Plaintiff returned to FPC-Duluth later that day and became ill. (*Id.*) Defendant Lind, a nurse at the facility, thought he was having an adverse reaction to medication. (*Id.*) Three days after the surgery, Plaintiff was still ill and saw nurse Ashley Peterson during sick call. (*Id.*) Defendant Peterson told Dr. Rice, who prescribed an injection. (*Id.*) The following day, Defendant Bahneman administered another injection. (*Id.*) Plaintiff remained ill until March 12, 2019, and was taken to the emergency room at St. Luke's. (*Id.* at 4–6.) Dr. Witt performed emergency surgery and

2

found a blockage in Plaintiff's small bowel allegedly caused by sutures placed during the gallbladder surgery. (*Id.* at 6–7.)

Plaintiff was transferred to MCFP-Springfield. (*Id.*) There, Plaintiff had a third operation to repair two hernias on July 15, 2020. (*Id.* at 7.) Plaintiff alleges the hernias were "from the 2nd surgery." (*Id.*)

On September 24, 2021, the Federal Defendants filed a Motion to Dismiss and for Summary Judgment (Dkt. No. 28). The Federal Defendants seek summary judgment on Plaintiff's *Bivens* claims because Plaintiff did not exhaust administrative remedies before filing suit. They seek dismissal for lack of subject-matter jurisdiction of Plaintiff's medical malpractice and negligence claims because they were not presented to the Bureau of Prisons; alternatively, they seek dismissal because Plaintiff did not provide an expert affidavit in support of his negligence and malpractice claims.

On October 11, 2021, Dr. Larson filed a motion for judgment on the pleadings and for dismissal pursuant to Minn. Stat. § 145.682. (Dkt. No. 40.) Dr. Larson seeks dismissal with prejudice of Plaintiff's *Bivens* and § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissal with prejudice of his medical malpractice claim for lack of an expert affidavit. Dr. Witt filed a motion for judgment on the pleadings and for dismissal pursuant to Minn. Stat. § 145.682 on January 6, 2022. (Dkt. No. 61.) Dr. Witt makes the same arguments for dismissal with prejudice as Dr. Larson.

On December 3, 2021, Plaintiff filed a Motion to Dismiss this case without prejudice. (Dkt. No. 54.) The Federal Defendants do not oppose the motion and consent to dismissal of the case without prejudice. (Dkt. No. 56.) Dr. Larson and Dr. Witt do not

3

oppose dismissal, but they ask that dismissal of the claims against them be with prejudice. (Dkt. Nos. 57, 58.)

Plaintiff filed a memorandum in support of his motion for dismissal on February 1, 2022. (Dkt. No. 68.) He explained that he is not an attorney and without counsel, he "fall[s] short." Plaintiff also filed a supporting exhibit containing several handwritten pages and medical records. (Dkt. No. 69.) Plaintiff's handwritten "statements of fact" in the exhibit are not entirely consistent with his motion for voluntary dismissal. For example, Plaintiff asserted Defendants Rice, Peterson, Lind, Pykkonen, and Bahneman "made no effort to get [him] to the hospital until 3/12/2019." (Dkt. No. 69 at 7.) He contended that Dr. Larson performed "malpractice surgery." (*Id.* at 10.) He asserted that his case has merit and that prison medical staff caused further damage by not taking him back to the hospital sooner. (*Id.* at 30.)

## II.   Discussion

### A.   Plaintiff's Motion to Dismiss

Plaintiff has filed a motion to dismiss his case without prejudice. (Dkt. No. 54.) Although Plaintiff's more recent filings (Dkt. Nos. 68–69) are not entirely consistent with a request for voluntary dismissal, Plaintiff did not withdraw the motion to dismiss.

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of "an action" by the plaintiff. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides for a self-effectuating voluntary dismissal by notice filed by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment." No court order or leave is needed for this unilateral voluntary dismissal by notice under Rule 41(a)(1)(A)(i). *Williams*

*v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996); 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2362 (4th ed.). The notice is effective on the date it is filed. *See Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 864 (8th Cir. 1990) (holding that the district court lacked jurisdiction after the date of the notice of voluntary dismissal). A plaintiff's motion for dismissal may be properly construed as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal. *Hines v. Minnesota*, No. 18-CV-3250 (ECT/BRT), 2019 WL 4957923, at *1 (D. Minn. Oct. 8, 2019). Dismissal is without prejudice unless the notice provides otherwise. Fed. R. Civ. P. 41(a)(1)(A)(i)

Rule 41(a)(1)(A)(ii) provides that a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." The language "signed by all parties who have appeared" is not always interpreted literally. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2363 (4th ed.) (explaining that "when both parties agree to dismiss in a voluntary and unqualified manner, the district court, in its discretion, may determine that a formal, written stipulation is not necessary to fulfill the Rule's intent"); *Boran v. United Migrant Opportunity Servs., Inc.*, 99 F. App'x 64, 66 (7th Cir. 2004) (finding an effective stipulation when the court received a letter from the plaintiff and letters from the defendants, which all agreed to dismissal). "[L]iteral compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Boran*, 99 F. App'x at 66–67; *see Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194 (5th Cir. 1980) (finding "the representation to the district court of a settlement . . . tantamount to a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(ii)"). Even oral stipulations may suffice. *See Pipeliners Loc. Union No. 798. v. Ellerd*, 503 F.2d

5

1193, 1199 (10th Cir. 1974). The "all parties" requirement may be met if no party objects to the dismissal. *Med. Assur. Co. v. Weinberger*, 973 F. Supp. 2d 925, 946 (N.D. Ind. 2013). A stipulated voluntary dismissal is effective when filed and does not require court leave or approval. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2363 (4th ed.); *Kleven v. Walgreen Co.*, 373 F. App'x 608, 610, 611 (7th Cir. 2010) ("voluntary dismissal under Rule 41 was self-executing, requiring no further action from the district court" where parties filed stipulation for voluntary dismissal).

Finally, if a plaintiff cannot achieve voluntary dismissal without a court order under Rule 41(a)(1)(A)(i) or (ii), then Rule 41(a)(2) permits voluntary dismissal by court order, at the plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(2) is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would 'unfairly affect' the defendant." *Beavers v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007). When deciding whether to grant voluntary dismissal under Rule 41(a)(2), a district court should consider: "(1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment." *Id.* Generally, "a district court should not grant a motion for voluntary dismissal merely because a plaintiff seeks a more favorable forum or wishes to escape an adverse decision." *Id.*

The above rules affect the Defendants in different ways because Defendants are in different procedural postures. Defendant Pykkonen has not filed an answer or motion for

6

summary judgment. The Federal Defendants have filed a motion to dismiss or for summary judgment, but have expressed their "consent" to dismissal without prejudice. Defendants Larson and Witt have filed answers. Therefore, the Court will discuss separately each Defendant or set of similarly postured Defendants.

1. **Defendant Pykkonen**

Service on Defendant Pykkonen was attempted at the Federal Prison Camp in Duluth, Minnesota, but the remark on the Process Receipt and Return indicated she no longer worked there. (Dkt. No. 12.) On September 28, 2021, the Court directed the Bureau of Prisons ("BOP") to release to the United States Marshals Service the last known address of Defendant Pykkonen, and further directed the Marshals Service, upon receipt of the updated address for service, to effect service of process on Defendant Pykkonen. (Order at 2, Dkt. No. 36.) Nothing on the docket indicates whether the BOP complied with the Court's Order or whether the Marshals Service re-attempted service.

In any event, Defendant Pykkonen has not served an answer or motion for summary judgment, and the Court construes Plaintiff's motion for dismissal, as it pertains to Defendant Pykkonen, as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i). *See Hines*, 2019 WL 4957923, at *1. The notice of dismissal was effective on the day it was filed: December 23, 2021. *See Safeguard Bus. Sys.*, 907 F.2d at 864. No court order or leave is necessary. *See Williams*, 82 F.3d at 272. Therefore, the Court will recommend (solely as a practical matter, given that court approval is not necessary) that Plaintiff's claims against Defendant Pykkonen be dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i).

### 2. The Federal Defendants

The Federal Defendants filed their motion to dismiss and for summary judgment on September 24, 2021, before Plaintiff filed his motion for dismissal. Therefore, voluntary dismissal cannot be effectuated under Rule 41(a)(1)(A)(i).

The Court finds, however, that the circumstances of this case warrant dismissal by stipulation, pursuant to Rule 41(a)(1)(A)(ii). The Federal Defendants do not oppose Plaintiff's motion to dismiss his claims against them without prejudice and have "consented" in writing to dismissal without prejudice. Plaintiff, the Federal Defendants, Defendant Witt, and Defendant Larson are the parties who have appeared in this action. All have manifested their assent to dismissal: Plaintiff by motion, the Federal Defendants by a written response stating their non-opposition and consent to dismissal, and Defendants Witt and Larson by filing motions for dismissal. Although Defendants Witt and Larson seek dismissal with prejudice of the claims against them, they have not opposed dismissal without prejudice of Plaintiff's claims against the Federal Defendants, and the Court sees no reason why their request for dismissal with prejudice should prevent Plaintiff and the Federal Defendants from agreeing to dismiss the claims between them without prejudice. In light of the above and Plaintiff's pro se and incarcerated status, the Court finds that a formal, written stipulation signed by all parties is not necessary to fulfill the intent of Rule 41(a)(1)(A)(ii). *See Boran*, 99 F. App'x at 66–67.

The stipulated voluntary dismissal does not require court leave or approval. Nonetheless, the Court will recommend (solely as a practical matter) that Plaintiff's claims against Defendants Rice, Peterson, Lind, and Bahneman be dismissed without prejudice

pursuant to Rule 41(a)(1)(A)(ii). The Court also recommends that the Federal Defendants' Motion to Dismiss and for Summary Judgment be denied.

In the alternative, the Court recommends that Plaintiff's claims against the Federal Defendants be dismissed without prejudice, by court order, pursuant to Rule 41(a)(2). Plaintiff has requested dismissal without prejudice of his claims against the Federal Defendants, and the Federal Defendants agree. The Court concludes that dismissal without prejudice under Rule 41(a)(2) is appropriate in these circumstances.

### 3. Dr. Larson and Dr. Witt

Dr. Larson filed an answer to the Complaint on May 27, 2021 (Dkt. No. 15), before Plaintiff filed his motion for dismissal. Dr. Witt filed her answer to the Complaint on October 26, 2021 (Dkt. No. 53), before Plaintiff filed his motion for dismissal. Therefore, voluntary dismissal cannot be effectuated under Rule 41(a)(1)(A)(i). Voluntary dismissal by stipulation is not appropriate because the parties do not agree whether dismissal should be with or without prejudice. Consequently, voluntary dismissal is not available under Rule 41(a)(1)(A)(ii).

Voluntary dismissal under Rule 41(a)(2), by court order on proper terms, is possible, but the Court must consider whether the dismissal would be unfair. *See Beavers*, 227 F. App'x at 520. Plaintiff has said he wants to dismiss his case because he does not have an attorney, his access to the law library and other resources are limited, his writing and litigation experience is poor, and he is focusing on his health. (Pl.'s Mem. Supp. at 1–2, Dkt. No. 68.) These are acceptable reasons for wanting to dismiss an action. Plaintiff has not demonstrated delay or lack of diligence in litigating his case (although he has not

complied with the expert-review affidavit requirement of Minn. Stat. § 145.682). On the other hand, Dr. Witt and Dr. Larson have expended considerable effort and expense in litigating the case thus far, and they have both filed dispositive motions, which, if granted as recommended below, will dispose of Plaintiff's claims against them. The Court cannot know whether Plaintiff is attempting to escape an adverse decision, but it is certainly a possibility. On balance, the Court finds that a Rule 41(a)(2) voluntary dismissal without prejudice would unfairly affect Dr. Witt and Dr. Larson. Therefore, the Court will proceed to Dr. Larson's and Dr. Witt's motions for judgment on the pleadings and for dismissal under Minn. Stat. § 145.682.

### B. Dr. Larson's and Dr. Witt's Motions for Judgment on the Pleadings and for Dismissal Pursuant to Minnesota Statute § 145.682

Dr. Larson and Dr. Witt move to dismiss Plaintiff's *Bivens* and § 1983 claims against them pursuant to Federal Rule of Civil Procedure 12(c), and to dismiss Plaintiff's medical malpractice claims against them for failure to comply with the expert-review affidavit requirement of Minn. Stat. § 145.682. Because the motions raise identical arguments, the Court addresses the motions together.

#### 1. *Bivens* and Section 1983 Claims

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are governed by the same standard as motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). Dismissal is required when a complaint fails "to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). A dismissal under Rule 12(b)(6) is "commonly with prejudice." *Asher v. Ninneman*, No. 19-CV-3002 (WMW/KMM), 2020 WL 6083554, at *1 (D. Minn. Oct. 15, 2020) (citations omitted).

      Plaintiff brings his Eighth Amendment claim pursuant to *Bivens* and § 1983. To succeed on a § 1983 claim, a plaintiff must (1) "prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States" and (2) show that the defendant acted "under color" of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).

      Dr. Larson is a physician employed at St. Luke's Hospital. (Larson Answer ¶ 4, Dkt. No. 15.) Dr. Witt is also a physician employed at St. Luke's Hospital. (Witt Answer ¶ 4, Dkt. No. 53.) Neither Dr. Larson nor Dr. Witt are state actors. They are private individuals employed by a private entity. Consequently, they cannot be held liable under § 1983.

      "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state

officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). Neither Dr. Larson nor Dr. Witt are federal officials, and consequently, they may not be sued under *Bivens*. *See Brown v. Cooper*, No. 18-CV-219 (DSD/BRT), 2018 WL 6977594, at *17 (D. Minn. Dec. 11, 2018) (concluding that a federal prisoner could not maintain a *Bivens* action against a doctor employed by the Mayo Clinic, a private entity, who treated the prisoner), *R. & R. adopted*, 2019 WL 121943 (D. Minn. Jan. 7, 2019), *aff'd as modified*, No. 19-1387, 787 F. App'x 366, 2019 WL 6824849 (8th Cir. Dec. 13, 2019).

Accordingly, Plaintiff's *Bivens* and § 1983 claims against Dr. Larson and Dr. Witt should be dismissed. In addition, dismissal should be with prejudice. *See Asher*, 2020 WL 6083554, at *1; *see also Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (where amendment would be futile, affirming dismissal with prejudice).

### 2. Malpractice and Negligence Claims

Minnesota Statute § 145.682 requires a plaintiff to serve an affidavit of expert review, along with the summons and complaint, on a defendant when the plaintiff has alleged, *inter alia*, "malpractice, error, mistake, or failure to cure, whether based on contract or tort against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case." Minn. Stat. § 145.682, subd. 2. If a plaintiff fails to provide an affidavit of expert review within 60 days of a defendant's demand for it, the defendant may bring a motion for dismissal with prejudice, and dismissal is mandatory. Minn. Stat. § 145.682, subd. 6(a).

"The Minnesota legislature enacted expert-review and expert-disclosure requirements as a means of readily identifying meritless lawsuits at an early stage of the litigation." *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 725 (Minn. 2005). To give full effect to the legislature's intent, plaintiffs must strictly comply with Minnesota Statute § 145.682. *Broehm*, 690 N.W.2d at 726. Only rarely does the expert affidavit requirement not apply to medical negligence claims. *Mercer v. Andersen*, 715 N.W.2d 114, 122 (Minn. Ct. App. 2006); *Scher v. Bureau of Prisons*, No. 19-cv-2001 (SRN/BRT), 2021 WL 3426050, at *8 (D. Minn. May 27, 2021) (stating that "expert testimony is necessary to prove medical negligence"); *R. & R. adopted*, 2021 WL 3422216 (D. Minn. Aug. 5, 2021). Expert review is not required only "when the alleged negligent acts are within the general knowledge or experience of laypersons." *Mercer*, 715 N.W.2d at 122.

Plaintiff's medical malpractice and negligence claims are the types of claim for which an affidavit of expert review is required. Plaintiff alleges that Dr. Larson committed malpractice when he performed gallbladder surgery on Plaintiff, and that a subsequent operation by Dr. Witt caused two hernias. Expert testimony would be necessary because the average layperson does not know the standard of care applicable to these operations, whether the doctors departed from the standard of care, or whether the surgeries caused the alleged harm. *See Juetten v. LCA-Vision, Inc.*, 777 N.W.2d 772, 776 (Minn. Ct. App. 2010) (finding expert testimony necessary to prove a departure from medical standard of care where doctors alleged failed to recognize and treat a condition or warn patient of risks of surgery); *Haile v. Sutherland*, 598 N.W.2d 424, 428 (Minn. Ct. App. 1999) (stating that "expert testimony is crucial to understanding whether respondents breached their

responsibilities during surgery or deviated from the steps necessary to assure the correct procedure was performed").

Dr. Larson demanded compliance with Minn. Stat. § 145.682 in his Answer filed on May 27, 2021. (Answer ¶ 19, Dkt. No. 15.) Dr. Witt demanded compliance with Minn. Stat. § 145.682 in her Answer filed on October 26, 2021. (Answer ¶ 19, Dkt. No. 53.) The Minnesota Court of Appeals has indicated that including a demand in an answer will suffice to comply with the demand requirement of § 145.682. *Gall v. Mayo Clinic*, No. C6-00-1805, 2001 WL 267490, at *2 n.1 (Minn. Ct. App. Mar. 20, 2001). More than 60 days have passed since the demands were made, and there is nothing on the record showing that Plaintiff has provided the affidavits. Dismissal with prejudice of Plaintiff's malpractice and negligence claims is mandatory under subdivision 6 of Minn. Stat. § 145.682.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendants B. Bahneman, L. Lind, Ashley Peterson, and Benjamin Rice's Motion to Dismiss and for Summary Judgment (Dkt. No. 28) be **DENIED AS MOOT**.

2. Defendant Joshua Larson, M.D.'s Motion for Judgment on the Pleadings and for Dismissal Pursuant to Minn. Stat. § 145.682 (Dkt. No. 40) be **GRANTED**, and all claims against him be **DISMISSED WITH PREJUDICE**.

3. Plaintiff Philip Lyle Martin's Motion to Dismiss Without Prejudice (Dkt. No. 54) be construed as

    a. a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) against Defendant Lori Pykkonen, and **GRANTED** to that extent; and

    b. a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) with Defendants B. Bahneman, L. Lind, Ashley Peterson, and Benjamin Rice, along with those Defendants' Response (Dkt. No. 56), and **GRANTED** to that extent.

4. All claims against Defendants B. Bahneman, L. Lind, Ashley Peterson, Benjamin Rice, and Lori Pykkonen be **DISMISSED WITHOUT PREJUDICE**.

5. Defendant Jennifer Witt, M.D.'s Motion for Judgment on the Pleadings and for Dismissal Pursuant to Minn. Stat. § 145.682 (Dkt. No. 61) be **GRANTED**, and all claims against her be **DISMISSED WITH PREJUDICE**.

6. All claims against Defendants Joshua Larson, M.D., and Jennifer Witt, M.D., be **DISMISSED WITH PREJUDICE**.

Date: March 24, 2022        *s/ John F. Docherty*
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).